IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS W. MYERS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 15-CV-367-W-DGK-P |
| | ) | (Crim. No. 12-CR-377-W-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Movant Dennis W. Myers ("Myers") pled guilty to two sex offenses. He has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docs. 1, 4). For the reasons below, Myers's § 2255 motion is DENIED without an evidentiary hearing, and the Court declines to issue a certificate of appealability.

**Background**[1]

The underlying criminal case stems from two different incidents. First, in the mid-1990s Myers transported a minor from Arkansas to Missouri for the purpose of having sex with her, which he then did. Second, several years later law enforcement received a report that Myers may have had sexual contact with two minors. After searching his home according to a search warrant, law enforcement found a computer containing a video of a minor engaging in sexually explicit conduct.

A federal grand jury returned a superseding indictment charging Myers with five sex

---

[1] This facts in this section derive from: (1) Myers's record admissions and testimony, and (2) the allegations in Myers's motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Myers to relief, the Court denies him an evidentiary hearing and rules on the above facts. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); Rules Governing Section 2255 Proceedings, Rule 8(a).

offenses.  Myers pled guilty to two of these counts: transportation of a minor for illegal sexual activity (Count Two), and receipt of child pornography over the Internet (Count Four).

The Court accepted Myers's guilty plea and ordered the preparation of a presentence investigation report ("PSR").  The Court then sentenced him to 360 months' imprisonment.  The Court of Appeals affirmed the sentence on appeal.  *United States v. Myers*, 578 F. App'x 997 (8th Cir. 2014).

## Discussion

A district court may vacate a federal conviction if it "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Myers's sole ground for relief concerns the Sixth Amendment right to effective assistance of trial counsel.  He argues that his attorney ("Counsel") was ineffective because did not meaningfully challenge deficiencies in the PSR.

To establish that counsel's assistance was constitutionally ineffective, a petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Both prongs of the *Strickland* test must be satisfied to obtain relief.  *Id.* at 697.

To establish prejudice under the second *Strickland* prong, the petitioner must "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  In cases where only the sentencing phase is at issue, as here, the petitioner "must show that but for his counsel's deficiency, there is a reasonable probability he would have received a different sentence."

2

*Porter v. McCollum*, 558 U.S. 30, 41 (2009). To assess that probability, the court considers "the totality of the available mitigation evidence" and "reweig[hes] it against the evidence in aggravation." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

There is no reasonable probability that the Court would have given Myers a lighter sentence had his attorney presented more mitigating evidence. The Court issued its sentence based on: the fact that Myers did not merely view, but rather created child pornography; the fact that he had sex with children; the length of time Myers had engaged in inappropriate sexual contact with minors; his position as a youth minister during his past, which created opportunities for inappropriate contact with children; the serial nature of his offenses, given that he continued to reoffend after his actions came to light; the fact that Myers intercepted a letter from one of his victims to the church, reflecting his determination to hide his conduct; the Court's experience with convicted child molesters recidivating; and the Court's belief that the nature of this case warranted a more serious sentence than other defendants convicted of the same offenses.

Myers touches upon the outer edges of these factors, but he fails to raise a substantial likelihood that the Court would have given him a lighter sentence had his attorney presented certain evidence at sentencing. Much of his proposed evidence is beside the point. For example, he believes his attorney should have had a second computer in his home analyzed, because the results of that analysis would have demonstrated that Myers had never searched for child pornography in the years preceding his arrest. Even if Myers's attorney had arranged for this analysis, the Court relied most heavily on Myers's history of molesting minors, not on any perceived history of viewing child pornography.[2]

---

[2] For this reason, there is no reasonable probability that the Court would have given mitigating weight to many other facets of Myers's claim, such as about how he did not enter the tanning salon business for the purpose of being

3

To take another of his many examples, Myers argues his attorney should have arranged a psychological evaluation longer than one hour, which would have concluded that his criminal actions stemmed from "the trauma incurred . . . when [his] wife walked out" on him and their daughter (Doc. 1 at 16). He does not explain how evidence of a divorce—a not uncommon occurrence in American society—would have made him more sympathetic to the Court, especially when his 2007 divorce came several years after he committed the first of his two crimes in the mid-'90s.

To take one more example, Myers believes his attorney should have argued against an enhancement for committing an offense involving masochistic or sadistic material. He argues his attorney should have emphasized that Myers did not believe the girl in one of his videos was a minor, and that "[i]t would have been impossible for me to have known this clip was [attached] to my download" (Doc. 1 at 18). There is no reasonable possibility that this self-serving testimony, if presented to the sentencing court, would have mitigated Myers's sentence.[3]

Some of the evidence Myers believes his attorney should have corrected or challenged is refuted by the record. For instance, Myers writes of his conviction for transporting a minor across state lines for the purpose of having sexual intercourse, "I believed and still do that I'm innocent of this charge [for] 3 reasons" (Doc. 1 at 17). He argues his attorney should have investigated the circumstances of his child pornography conviction more thoroughly (*E.g. id.* at 18 ("[E]very still image downloaded was <u>without</u> my knowledge and erased as soon as I discovered them, for one.")). However, he has admitted his actual guilt multiple times, under

---

around nude women, or that he never, contrary to the prosecutor's argument, peeked through the neighbor's window to watch her showering.

[3] To be clear, although the Court discusses only some of Myers's many examples, it finds that *none* of his allegedly mitigating circumstances—either in isolation or collectively—raises a reasonable possibility that Myers would have received a more lenient sentence.

oath, voluntarily and intelligently: in his written plea agreement, in his plea colloquy, and in the paragraphs of the PSR he did not object to. Similarly, Myers claims he "was bullied into taking a plea [he] didn't want to take" (*Id.* at 17). This contradicts the plea agreement and colloquy, in which Myers admitted that his plea was made voluntarily and intelligently, and that he was satisfied with his plea. Accordingly, in ruling on this motion, the Court does not credit this and similar claims.[4]

Finally, the remainder of Myers's proposed evidence is not specific enough to nudge the probability of a lighter sentence from "conceivable" to "substantial." Myers generally claims that he gave his attorney several names of witnesses to contact, computer records to check, pictures to view, and court records to verify. Myers does not identify a single witness, record, or picture that, if presented at sentencing, would significantly rebut the factors the Court relied on. This vagueness also undermines his claim that his attorney prevented him from participating in his PSR interview, thereby "leading to a wildly inaccurate document" (Doc. 1 at 14).

Given the overwhelming aggravating factors, "[t]he evidence that [Myers] says his trial counsel should have offered at the sentencing hearing would barely have altered the sentencing profile presented to the sentencing judge." *Strickland*, 466 U.S. at 699–700. Myers has thus failed to demonstrate a reasonable probability that, but for his counsel's actions, the result of his sentencing would have been different. *See Porter*, 558 U.S. at 41. Myers was not prejudiced by

---

[4] The Court recognizes Myers's argument for invalidating the admissions he made during his change-of-plea hearing. Myers reports "cav[ing] easily" under pressure and not always telling the truth: "I said what I was expected to say all the while gritting my teeth and putting a hitch in my voice, hoping the judge would notice, question my sincerity, thus giving me permission to be honest." (Doc. 10 at 12). Myers attributes this, in part, to his attention-deficit disorder (*Id.* at 13). However, Myers swore to tell the truth at that proceeding. The Court specifically asked Myers if he understood the proceedings, and Myers claimed he was competent to enter a guilty plea. He also testified under oath that he had understood and agreed with the admissions in the plea agreement. Myers had plenty of opportunities to voice his fears and hesitation, but did not do so. The Court finds Myers's post hoc justification unavailing, and does not allow him to now claim he was lying. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) ("[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'").

any of his attorney's errors, so his ineffective-assistance argument fails. *See Strickland*, 466 U.S. at 697.

Because no reasonable jurist would grant any part of this motion, the Court denies Myers a certificate of appealability. *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); 28 U.S.C. §§ 2255, 2253(c)(2).

## Conclusion

For the reasons above, Myers's Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED.

**IT IS SO ORDERED.**

Date:  October 7, 2015    /s/ Greg Kays
                                                            GREG KAYS, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT